UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMC MARINE SERVICE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1168** |
| **POYDRAS ENERGY PARTNERS, L.L.C.** | **SECTION "K"(1)** |

### ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of intervenors The Grand, Ltd. ("Grand"), and Laredo Offshore Services, Inc. ("Laredo") (Doc. 32). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

Background

On October 29, 2009, Grand and Laredo, as "Owner" executed a Master Time Charter Agreement with AMC Liftboats, Inc. ("Liftboats"), identified as "Charterer." That agreement provides that the Master Time Charter Agreement "together with any Short Form between OWNER and CHARTERER dated subsequent to the date hereof, shall govern the respective rights and duties of OWNER AND CHARTERER." Doc. 32-2, p. 1. The Master Time Charter Agreement further provides that "CHARTERER shall pay one and one-half percent ( 1 ½ %) service charge per month on all receivables due and payable to OWNER unpaid thirty (30) days or more after the posted date of the OWNER's invoices." Id. at p.2.

Following a conversation with a representative of Liftboats, on November 18, 2011, Adam Cheramie, acting on behalf of Laredo executed a Job Report and a Short Form - Confirmation of Hire for the hire of the DULARGE. Both forms identify AMC Liftboats, Inc." as the "customer"

and set forth, among other things, the duration of the charter of the DULARGE and the rates applicable to the charter. Doc. 32-4. In turn, AMC Marine Service, Inc. ("AMC") chartered the DULARGE to Poydras Energy Partners, L.L.C. and ultimately invoiced Poydras $107,645.00 for the services of the DULARGE. Poydras has not made any payment to AMC. Laredo submitted invoices totaling $104,045.00 to Liftboats for the charter of the DULARGE. Liftboats has not made any payment on the amount invoiced.

AMC and Liftboats filed suit against Poydras seeking, among other things, to recover the outstanding amount allegedly owed as charter hire for the DULARGE, as well as a 15% late fee for failure to pay the invoiced amount within 30 days and legal fees and costs incurred in filing suit to collect the amount allegedly due. Grand and Laredo then filed an intervention against AMC Marine Services, Inc. to recover the outstanding amount of the charter hire, the service charge defined in the Master Time Charter Agreement, and attorneys fees and costs. Intervenors later supplemented and amended their intervention and added Liftboats as a defendant in intervention. Intervenors now seek summary judgment against Liftboats for the alleged outstanding amounts owed to them.

## Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct.

2548, 2552-53, 91 L.Ed.2d 265 (1986).  When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

 "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. LiHoweverberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment.  The Court has no duty to search the record for material fact issues.  Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

Law and Analysis

It is undisputed that Liftboats executed a "Master Time Charter Agreement" with Laredo. It is also undisputed that the Laredo Job Report and the Short Form - Confirmation of Hire and identify Liftboats as the "customer" for the use of the DULARGE.  Liftboats does not dispute the amount of the charter hire sought by Laredo.  Rather,  Liftboats denies that it is the party responsible

3

for payment of that charter hire and urges that it was simply an affiliate of AMC which brokered the charter of the DULARGE to Poydras.

Liftboats has not provided any competent summary judgment evidence indicating that it was not the charterer of the vessel and that AMC was the broker of the charter. The declaration of Dean Guidry, the General Manager of Liftboats, states that:

- AMC brokered the DULARGE to Poydras;
- that Laredo knew before the DULARGE went on charter on November 22, 2011 that it would be working for Poydras and that Poydras would pay the charter hire due to Laredo, and
- that prior to the DULARGE going on charter on November 22, 2011, Laredo knew that AMC was "only acting as the broker for Poydras Energy, which was the charterer."

Doc. 33-2, Ex. 1. That declaration does not raise a genuine issue of material fact concerning the status of Liftboats as a charterer of the DULARGE responsible to Laredo for the charter hire.

Moreover, the Master Time Charter Agreement, signed by Liftboats, clearly provides for the imposition of a 1 ½% service fee if payment of charter hire is not made within thirty days of Laredo posting the invoice. Accordingly, the Court grants intervenors' motion for summary judgment.

New Orleans, Louisiana, this 23rd day of April, 2013.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE